2:19-cv-00356-JRS-MJD

AO 241
(Rev. 10/07)

FILED
3:04 pm, Jul 26, 2019
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Laura A. Briggs, Clerk

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Southern District of Indiana |
|---|---|
| Name (under which you were convicted): Ryan T. McMullen | Docket or Case No.: |
| Place of Confinement: Wabash Valley Correctional Facility | Prisoner No.: 199066 |
| Petitioner (include the name under which you were convicted) Ryan T. McMullen | v. Respondent (authorized person having custody of petitioner) Richard Brown, Warden |
| The Attorney General of the State of Indiana | |

### PETITION

SCANNED at WVCF and Emailed on 7-26-19 by A.G. - 17 pages.

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Grant County Circuit Court
   Marion, IN 46952

   (b) Criminal docket or case number (if you know): 27C01-0904-FA-000134

2. (a) Date of the judgment of conviction (if you know): 8/12/2010

   (b) Date of sentencing: 9/10/2010

3. Length of sentence: 50 years

4. In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   Possession of cocaine - 50 years ⎫ concurrently
   Possession of marijuana - 3 years ⎭

6. (a) What was your plea? (Check one)
   - ☑ (1) Not guilty
   - ☐ (2) Guilty
   - ☐ (3) Nolo contendere (no contest)
   - ☐ (4) Insanity plea

≈AO 241 (Rev. 10/07)                                                                                                      Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? **N/A**

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes   ☐ No

8. Did you appeal from the judgment of conviction?

☑ Yes   ☐ No

9. If you did appeal, answer the following:
(a) Name of court: **Indiana Court of Appeals**
(b) Docket or case number (if you know): **27A02-1009-CR-1165**
(c) Result: **Conviction and Sentence affirmed**
(d) Date of result (if you know): **June 23, 2011**
(e) Citation to the case (if you know): **McMullen v. State, 27A02-1009-CR-1165**
(f) Grounds raised: **Whether the sentence was manifestly unreasonable and whether the police conducted an illegal search and seizure.**

(g) Did you seek further review by a higher state court?   ☑ Yes   ☐ No

If yes, answer the following:
(1) Name of court: **Indiana Supreme Court**
(2) Docket or case number (if you know):
(3) Result: **Conviction and sentence affirmed, Transfer denied**

(4) Date of result (if you know):

AO 241
(Rev. 10/07)

Page 4

(5) Citation to the case (if you know):

(6) Grounds raised: Did the trial court err by denying defendants motion to suppress?. Should This court review and reduce defendants 50 year sentence pursuant to Appellate Rule 7(B)?

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☑ Yes    ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Grant Circuit Court

(2) Docket or case number (if you know): 27C01-1112-PC-000069

(3) Date of filing (if you know): December 7, 2011

(4) Nature of the proceeding: Post Conviction relief 1

(5) Grounds raised: Whether trial counsel was ineffective at trial?, Whether trial counsel was ineffective at sentencing?, and whether trial counsel was ineffective on appeal?.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☑ Yes    ☐ No

(7) Result: PCR denied

(8) Date of result (if you know): October 31, 2017

AO 241 (Rev. 10/07)

Page 5

(b) If you filed any second petition, application, or motion, give the same information:

  (1) Name of court:

  (2) Docket or case number (if you know):

  (3) Date of filing (if you know):

  (4) Nature of the proceeding:

  (5) Grounds raised:

  (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

  ☐ Yes  ☐ No

  (7) Result:

  (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

  (1) Name of court:

  (2) Docket or case number (if you know):

  (3) Date of filing (if you know):

  (4) Nature of the proceeding:

  (5) Grounds raised:

AO 241 (Rev. 10/07)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☑ Yes ☐ No
(2) Second petition: ☐ Yes ☐ No
(3) Third petition: ☐ Yes ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Whether trial counsel was ineffective at trial

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

McMullen was deprived of effective assistance when counsel failed to call Gause as a witness at trial. Counsel's theory at trial was that someone other than McMullen placed the cocaine in the cabinet. Gause's testimony would have supported this theory. Counsel discussed Gause's expected testimony during his opening statement. He noted that, when Gause opened the cabinet, there was nothing in the cabinet other than the firearm. Counsel emphasized that, when the police searched the apartment, several hours later, they found "other items there in the same cabinet with a gun in it that were not there before." Counsel's failure to call Gause, after explicitly discussing her testimony in his opening statement, violated prevailing professional norms. This omission was not a reasonable (cont.

(b) If you did not exhaust your state remedies on Ground One, explain why: (See attachment)

AO 241 (Rev. 10/07)
Page 7

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:
IAC should be raised in PCR proceedings

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: PCR-1

Name and location of the court where the motion or petition was filed:
Grant County Circuit Court
Marion, IN 46953

Docket or case number (if you know):

Date of the court's decision: October 31, 2017

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☑ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Indiana Court of Appeals

Docket or case number (if you know):

Date of the court's decision: June 27, 2018

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 10/07)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: N/A

**GROUND TWO:** Whether trial counsel was ineffective at sentencing?

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

McMullen received ineffective assistance at sentencing when counsel failed to conduct a reasonable investigation of McMullens character and background, arrange for McMullen to be evaluated by a mental health professionals, and present evidence of mitigating evidence at sentencing. Counsel conducted virtually no investigation for evidence of mitigating circumstances. He did not interview McMullen's friends or family members or arrange for McMullen to be evaluated by mental health professionals. He did not meet with McMullen prior to sentencing. Counsel made a brief reference to McMullen's history of abuse during sentencing. However, counsel did not present any evidence of mitigating circumstances at sentencing.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: PCR-1

Name and location of the court where the motion or petition was filed:
Grant Circuit Court
Marion, IN 46952

Docket or case number (if you know):

Date of the court's decision: October 31, 2017

AO 241 (Rev. 10/07)

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☒ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Indiana Court of Appeals

Docket or case number (if you know):

Date of the court's decision: June 27, 2018

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:




(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two




**GROUND THREE:** Whether counsel Ineffective at the direct appeal stage?

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Appellate counsel's presentation of the suppression issue did not satisfy prevailing professional norms. Trial counsel made a cogent argument in the Motion to Suppress and at the hearing on the motion. However, appellate counsel omitted several important facts, citations to authority, and arguments from the Brief of appellant. On direct appeal, the Court of Appeals found that Gause was not acting as an agent of the government when he entered the apartment. Due to the deficiencies in the Brief, the Court of Appeals was not informed that: (1) the federal government owned greentree; (2) Gause's employer had a contract with the government; (3) Gause was required by HUD

AO 241 (Rev. 10/07)   Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why?




(c)   **Direct Appeal of Ground Three:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☒ No

   (2) If you did not raise this issue in your direct appeal, explain why:




(d)   **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   ☒ Yes   ☐ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: PCR-1

   Name and location of the court where the motion or petition was filed:

   Grant County Circuit Court
   Marion, IN 46952

   Docket or case number (if you know):

   Date of the court's decision: October 31, 2017

   Result (attach a copy of the court's opinion or order, if available):




   (3) Did you receive a hearing on your motion or petition?   ☒ Yes   ☐ No

   (4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:

   Indiana Court of Appeals

   Docket or case number (if you know):

   Date of the court's decision: June 27, 2018

   Result (attach a copy of the court's opinion or order, if available):

AO 241 (Rev. 10/07)

Page 11

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: N/A

## GROUND FOUR:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241 (Rev. 10/07)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 10/07)

Page 13

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☒ Yes ☐ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them: N/A

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

AO 241
(Rev. 10/07)

Page 14

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Joe Keith Lewis, 1005 Western Ave., Marion, IN 46952

(b) At arraignment and plea: Joe Keith Lewis, 1005 Western Ave., Marion, IN 46952

(c) At trial: Joe Keith Lewis, 1005 Western Ave., Marion, IN 46952

(d) At sentencing: Joe Keith Lewis, 1005 Western Ave., Marion, IN 46952

(e) On appeal: C. Robert Rittman, Grant Co., IN Public defender office, Marion, IN 46952

(f) In any post-conviction proceeding: Lisa M. Johnson, 1662 Grassland Drive, Brownsburg, IN 46112

(g) On appeal from any ruling against you in a post-conviction proceeding: Lisa M. Johnson, 1662 Grassland Drive, Brownsburg, IN 46112

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☑ Yes ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

Grant Circuit Court, Marion, IN 46952

(b) Give the date the other sentence was imposed: July 20, 2011
(c) Give the length of the other sentence: 3 years executed
(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☑ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241 (Rev. 10/07)

Page 15

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

   (1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

        (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 10/07)

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: McMullen respectfully requests the Court vacate his convictions or order his sentence reduced.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on July 23, 2019 (month, date, year).

Executed (signed) on July 23, 2019 (date).

*Ryann McMullen*
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

12. (a) (continued)

strategy. McMullen was also deprived of effective assistance when counsel failed to interview James Johnson, prior to trial, and failed to call him as a witness. Several individuals visited the apartment, at around 3:30 p.m., on January 8, 2009. Counsel admitted that he did not consider interviewing any of those individuals, although he should have done so. Johnson was one of the individuals who visited the apartment. If counsel had interviewed Johnson, he would have learned that Johnson had info which would have been helpful to McMullen's defense. Johnson could have testified that, when they first arrived at the apartment, he opened the kitchen cabinet and saw "a gun, a reciept, and a bag of weed in the cabinet." He did not see any other drugs in the cabinet. Johnson would have testified that, while McMullen was in the living room with K.D., another individual repeatedly opened the door to the cabinet. Johnson's testimony would have supported the defense theory that another individual placed the cocaine in the cabinet. Trial counsel testified: "What was missing in the case that ultimately resulted in his conviction was the ability to identify who would've put the stuff there". Johnson's testimony would have answered that question. McMullen was also deprived of the effective assistance when counsel failed interview Gerald Griffin and call him as a witness. Counsel testified that he did not interview Griffin, or consider calling him as a witness, but he should have done so. Griffin drove Garrett to the apartment a few hours before McMullen was arrested. Garrett testified that she went to the apartment to purchase cocaine from McMullen. Griffin would have testified that Garrett told him she went there to confront McMullen about a rumor. Griffin's testimony could have been used to challenge Garrett's credibility regarding her reason for visiting the apartment. Counsel's failure to object to irrelevant and prejudicial evidence including: (1) evidence about an outstanding arrest warrant for an unrelated matter; (2) evidence suggesting McMullen sold drugs in the past; (3) prejudicial, irrelevant information in telephone calls; (4) a four year

old letter in which McMullen admitted to past criminal activity; (5) testimony that the specific facts of this case were consistent with dealing; and (6) evidence of past drug activity at Greentree, and his failure to request a limited instruction, violated prevailing professional norms. The evidence was irrelevant, inadmissible, and prejudicial. McMullen was prejudiced by trial counsel's deficient performance at trial. But for counsel's errors: (1) The jury would have heard testimony supporting the defense theory that another person placed the cocaine in the cabinet; (2) The jury would have heard testimony that raised questions about Garrett's credibility; and the jury would not have been exposed to irrelevant and prejudicial evidence.

Ground Three continued:
policies and federal law to police the complex for criminal activity and report such activity to the authorities; and (4) Gause had an informal relationship with Detective Sands whereby he reported suspicious at Greentree to Sands. If the Court of Appeals had found that Gause was a government actor, there is a reasonable probability that the court would have found that all of the evidence seized from the apartment was fruit of the poisonous tree and therefore subject to suppression. Appellate counsel also violated prevailing professional norms when he failed to challenge the exclusion of the evidence of Garrett's bias. Trial counsel attempted to cross examine Garrett about the favorable treatment she received from the prosecution, in a pending dealing case. According to the offer to prove, Garrett received a "huge break" in that case. The State allowed her to plead guilty to possession, and agreed to dismiss the case altogether, if she succeeded in drug counseling. The case was still pending, and had not been dismissed, at the time of McMullen's trial. The court excluded the evidence of Garrett's dealing charge. The issue was significant and obvious on the face of the record, and it was clearly stronger than the claim which appellate counsel actually raised.